IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RIXIE DILLARD )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>HALLA CLIMATE SYSTEMS ALABAMA )<br>CORPORATION, HALLA CLIMATE )<br>CONTROL CORPORATION )<br>& VISTEON CORPORATION )<br>)<br>**Defendants.** ) | Civil Action No.:<br><br>3:06CV506-CSC<br><br><br>Jury Trial Requested |

## COMPLAINT

**I.  INTRODUCTION**

This action is brought to redress discrimination and retaliation based on race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981 and 1981a.

**II.  JURISDICTION**

1. The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This suit is authorized and instituted pursuant to the Act of Congress known as "Title VII of The Civil Rights Act of 1964," 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 and "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and 1981a. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by Title VII and 42 U.S.C. § 1981, and 1981a providing for injunctive and other relief against racial

discrimination.

### III. PARTIES

2.  **Plaintiff, Rixie Dillard,** has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. Plaintiff Dillard timely filed this action within the four-year statute of limitations set forth under 42 U.S.C. § 1981 and within ninety (90) days of the receipt of his notice of right to sue pursuant to Title VII.

3.  **Defendant, Halla Climate Control Corporation,** is a multinational business recognized as a worldwide leader in producing automotive climate control products and service. Defendant is an entity subject to suit under Title VII. Defendant was Plaintiff's employer for purposes of Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. § 1981 and 198(a). The Defendant employs at least fifteen (15) persons at its Shorter, Alabama facility.

4.  **Defendant, Visteon Corporation,** is a publicly traded corporation which spun off from Ford Motor Company in 2000 and is now the second leading automotive component supplier in the world. Visteon owns a majority equity stake in Halla Climate Control Corporation, which manages and operates Halla Climate Systems Alabama. Defendant was Plaintiff's employer for purposes of Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C.

§ 1981 and 198(a). The Defendant employs at least fifteen (15) persons at its Shorter, Alabama facility.

5. **Defendant, Halla Climate Systems Alabama,** is a subsidiary of Halla Climate Control Corporation and is located in Shorter, Alabama. Halla Climate Systems Alabama provides front end modules and heating and air conditioning systems to the Hyundai Motor Manufacturing plant in Montgomery, Alabama. Defendant was Plaintiff's employer for purposes of Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. § 1981 and 198(a). The Defendant employs at least fifteen (15) persons at its Shorter, Alabama facility.

## IV. STATEMENT OF FACTS

6. The Plaintiff, Rixie Dillard, was hired by the Defendants on or about June 1, 2004 into the Injection Molding Department. At that time, the Plaintiff had over thirteen years experience working in injection molding.

7. Shortly after hiring on, the Plaintiff was informed that he would be promoted into the position of Injection Mold Technician. While waiting for this promotion, the Plaintiff began performing the duties and responsibilities of an Injection Molding Technician. After approximately, ninety-days the Plaintiff inquired as to when he would being receiving Injection Mold Technician pay and the title attendant to the position. The Plaintiff was then told the position would be posted.

8. In February of 2005, Defendants posted two Injection Molding Technician positions. Plaintiff applied for these positions and they were awarded to two less qualified white applicants from outside of the company. The Plaintiff was then instructed to train these individuals. Plaintiff was then informed that his job classification was that of a Injection Mold Operator, which is a position lower than Injection Mold Technician.

9. The Plaintiff then produced to Defendants copies of his trade school degree and other documents evidencing that he had been working in injection molding for over thirteen (13) years. Upon receiving this material, the Defendants stated that Plaintiff's schooling was over twenty (20) years old.

10. In or around August of 2005, the Plaintiff was asked to assist one of the white employees who was hired over him as an Injection Molding Technician in repairing an injection molding machine that had broken down. The Plaintiff possessed the requisite knowledge to repair the machine and fixed it. Thereafter, Defendants ordered the Plaintiff to assist the white Injection Mold Technician in operating the machine. The Plaintiff opposed this continued discriminatory treatment of him by stating that he would only do so if he were to receive the same pay as the white individual he had trained and who now he was being ordered to assist. In retaliation for Plaintiff's opposition to discriminatory treatment, Defendants suspended the Plaintiff. Defendants further retaliated against the Plaintiff by hiring another white applicant into an Injection Mold Technician position without posting the job.

11. In September of 2005, Defendants requested that Plaintiff do more Injection Mold Technician work. Plaintiff complied and again asked to receive Injection Mold Technician pay. Defendants then promised that they would pay the Plaintiff the salary attendant to the position. Plaintiff did not receive Injection Mold Technician pay until mid-October of 2005, approximately sixteen (16) months after he had been performing in the position.

## V. CAUSES OF ACTION

### TITLE VII

12. Plaintiff re-alleges and incorporate by reference paragraphs 6 through 11 above with the same force and effect as full set out in specific detail hereinbelow.

13. Plaintiff has been discriminated against and retaliated against solely because of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This treatment by the Defendants affected the terms and condition and enjoyment of Plaintiff's employment.

14. The motivating factor for Defendants' actions regarding Plaintiff as alleged in paragraphs 6 through 11, herein, was intentional discrimination on the basis of race and retaliation for opposing said discrimination.

15. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendants' racially discriminatory, retaliatory, demeaning and unlawful conduct.

16. The unlawful intentional actions of Defendants, alleged herein, were undertaken with malice and in reckless disregard of the federally protected rights of the Plaintiff.

17. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants's unlawful policies and practices as set forth herein unless said behavior is enjoined by this Court.

**42 U.S.C. SECTION 1981 and 1981a**

18. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 above with the same force and effect as full set out in specific detail hereinbelow.

19. The effect of the Defendants's discrimination and retaliation as outlined above has been to deprive the Plaintiff of the same right to make and enforce contracts as is enjoyed by similarly-situated white persons in violation of 42 U.S.C. § 1981 and 1981a.

18. As a further consequence and effect of the Defendants' unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

20. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendants' racially discriminatory, demeaning and unlawful conduct.

21. The unlawful intentional actions of the Defendants, alleged herein, were undertaken with malice and in reckless disregard of the federally protected rights of the Plaintiff.

22. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the Defendants violated the rights of the Plaintiff as secured by Title VII and §1981;

2. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendants' request from continuing to violate Title VII and §1981;

3. Require the Defendants to make the Plaintiff whole by awarding him back pay and benefits (plus interest), prejudgement interest, compensatory and punitive damages; and,

4.      Award such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, reasonable attorney's fees and expenses.

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

*/s/ Roderick T. Cooks*
Roderick T. Cooks
Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS**
Rixie Dillard
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: rcooks@winstoncooks.com

**DEFENDANTS' ADDRESSES**

Halla Climate Systems Alabama Corp.
CSC Lawyers Incorporating Svc. Inc.
150 South Perry Street
Montgomery, AL 36104

Halla Climate Systems Alabama Corp.
676 Halla-Bama Drive
Shorter, AL 36075

Visteon Corporation
Corporation Service Corporation
2711 Centreville, Road, Suite 400
Wilmington, DE 19808

8