UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| Rixie Dillard, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Halla Climate Systems Alabama Corporation, )<br>Halla Climate Control Corporation, and )<br>Visteon Corporation, )<br>)<br>Defendants. ) | Case No. 3:06 CV 506-CSC |

## ANSWER OF DEFENDANTS

Halla Climate Systems Alabama Corporation, Halla Climate Controls Corporation, and Visteon Corporation (individually referred to as "HCSA", "HCCC", and "Visteon", and collectively referred to as "Defendants") for their Answer and Defenses to the Complaint filed against them, state as follows:

### I. INTRODUCTION

Defendants admit that the action seeks to redress discrimination and retaliation based on race pursuant to Title VII and 42 U.S.C. §§ 1981 and 1981a, but denies any violations of the cited statutes and denies that Plaintiff is entitled to any recovery whatsoever.

### II. JURISDICTION

1. Defendants admit jurisdiction is proper pursuant to 28 U.S.C. §1331, but deny jurisdiction is granted by the other cited statutes.

### III.  PARTIES

2. Defendants are without knowledge as to whether Plaintiff has fulfilled all conditions precedent pursuant to Title VII and therefore deny same.  Defendants admit Plaintiff filed within four years of the alleged wrongful acts and within 90 days of receiving his right to sue notice.

3. HCCC admits it is a multinational business involved in producing automotive climate control products and related services, but denies the remaining allegations in paragraph 3.

4. Visteon admits it is a publicly traded corporation spun off from Ford Motor Company in 2000, but denies the remaining allegations in paragraph 4.

5. HCSA admits it supplies automotive components to the Hyundai Motor manufacturing plant in Montgomery, Alabama; it employs at least 15 people at its Shorter, Alabama facility; and is Plaintiff's employer for Title VII purposes, but denies the remaining allegations of paragraph 5.

### IV.  STATEMENT OF FACTS

6. HCSA admits hiring Plaintiff on or about June 14, 2004, but is without knowledge to admit or deny Plaintiff's prior experience and denies same, and denies the remaining allegations of paragraph 6.  Visteon and HCCC deny hiring Plaintiff and are without sufficient knowledge to admit or deny the remaining allegations of paragraph 6 and therefore deny same.

7. Defendants deny the allegations of paragraph 7.

8. HCSA admits posting two injection molding technician positions in February 2005 and hiring two external white applicants.  HCSA further admits that Plaintiff applied for such posting, but denies the remaining allegations of paragraph 8.  HCCC and Visteon deny the allegations of paragraph 8 in that they were not Plaintiff's employer.

9. Defendants deny the allegations of paragraph 9.

10. HCSA admits the Plaintiff was suspended for insubordinate behavior arising from his refusal to provide assistance in repairing a machine, but denies the remaining allegations of paragraph 10.  HCCC and Visteon deny the allegations of paragraph 10 in that they were not Plaintiff's employer.

11. HCSA admits it promoted Plaintiff to mold injection technician in October 2005, but denies the remaining allegations of paragraph 11.  HCCC and Visteon deny the allegations of paragraph 11 in that they were not Plaintiff's employer .

## V.    CAUSES OF ACTION

### TITLE VII

12. Defendants reallege and incorporate by reference their responses to paragraphs 6 through 11.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

### 42 U.S.C. §1981 and 1981

18. Defendants reallege and incorporate by reference their responses to paragraphs 1 through 15 above.

19. Defendants deny the allegations of paragraph 19.

18.[sic] Defendants deny the allegations of paragraph 18(2)[1].

20. Defendants deny the allegations of paragraph 20.

---

[1] The Complaint contains two paragraphs identified as number 18.

JACK_556043.1

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny all allegations not specifically admitted herein.

## VI.    AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff failed to exhaust his administrative remedies regarding some or all of the allegations and claims contained in the Complaint.

### Second Defense

Plaintiff failed to comply with the applicable statute of limitations regarding some or all of his allegations and claims and therefore some or all of his claims are barred.

### Third Defense

Plaintiff failed to state a claim on which relief can be granted.

### Fourth Defense

Any acts of Defendants have been lawful, privileged, justified and undertaken in good faith, in that at all times, Defendants were asserting their legal rights with a good faith belief in those rights.

### Fifth Defense

Plaintiff's claims are barred by the doctrines of estoppel, waiver or laches.

### Sixth Defense

The claims for relief contained within the Complaint fail to state facts sufficient to constitute a basis for an award of attorney's fees and/or expenses.

### Seventh Defense

Defendants have an effective No Discrimination policy of which Plaintiff was aware during the time of his employment. Plaintiff unreasonably failed to take advantage of the protections of that policy.

### Eighth Defense

Decisions regarding Plaintiff's employment were made for legitimate, non-discriminatory reasons.

### Ninth Defense

Plaintiff's claim for damages are limited in whole or in part by law.

### Tenth Defense

Defendants reserve the right to plead other affirmative defenses that may become known during discovery in this case.

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief sought and hereby request that Plaintiff's complaint be dismissed with prejudice and that Defendants be awarded their costs and attorney's fees incurred in defending this Action, and for such other relief as this Court finds just and reasonable.

Respectfully submitted,

CARR ALLISON


/s/ Thomas L. Oliver, III
THOMAS L. OLIVER, II
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
(205) 949-2942 (telephone)
(205) 822-2057 (facsimile)

DABNEY D. WARE
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, Florida  32202
(904) 359-2000 (telephone)
(904) 359-8700 (facsimile)
(Pro Hac Vice Admission Pending)


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the Answer to Complaint has been furnished to the following via first class mail, postage prepaid, on this 11th day of September, 2006.

Roderick T. Cooks
319-17th Street North
Birmingham, AL 35203

                              /s/ Thomas L. Oliver , II
                              Attorney